# EXHIBIT 1

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement" or "Agreement") is made and entered into by and between Plaintiffs Erin Spencer and Nickole Gonzalez (collectively, "Plaintiffs" or "Class Representatives"), individually and as representatives of the Settlement Class as defined below, and Knix Wear Inc., Knix Wear LLC, Knix Wear California LLC, Knix Wear US, Inc., and Knix San Diego UTC, LLC (collectively "Knix" or "Defendants"). Plaintiffs and Knix collectively are referred to herein as the "Parties," or, respectively, as a "Party."

## DEFINITIONS

As used herein, the following terms have the meanings set forth below:

A. "Action" means the litigation entitled *Spencer, et al. v. Knix Wear Inc., et al.*, Case No. TBD, to be filed in the United States District Court for the Southern District of New York (the "Court").

B. "Administration Costs" mean all costs associated with Notice and claims processing and administration provided by the Settlement Administrator, in an amount not to exceed $250,000.00, as set forth in Section 7.4 of this Agreement.

C. "All-In Non-Reversionary Monetary Fund" means the non-reversionary cash fund described in Section 3.2 of this Agreement to be distributed in accordance with the terms of this Agreement.

D. "Attorneys' Fee and Expense Payment" means the amount of attorneys' fees and reimbursement of costs and expenses awarded to Class Counsel by the Court from the All-In Non-Reversionary Monetary Fund, as set forth in Section 8 of this Agreement.

E. "Cash Minimum Amount" means the amount of one million four hundred-thousand dollars ($1,400,000.00) to be deposited by Knix in the All-In Non-Reversionary Monetary Fund.

F. "Claim Form" means the form for Settlement Class Members to make a claim, substantially in the form of Exhibit C.

G. "Class Counsel" means Erin Ruben, Hunter Bryson, Harper Segui and Rachel Soffin of the law firm of Milberg Coleman Bryson Phillips Grossman PLLC, and any other attorney(s) or law firm(s) that may be appointed by the Court to represent the Settlement Class.

H. "Final Approval Order and Judgment" means the order to be entered by the Court approving the Settlement, substantially in the form of Exhibit B (unless amended by mutual agreement of the Parties prior to final approval), and the judgment to be entered in accordance with that order.

I. "Knix's Counsel" means the law firm of Hogan Lovells US LLP.

J. "Knix Products" means: (a) Knix leakproof and super leakproof underwear; and (b) KnixTeen leakproof underwear, super leakproof underwear, leakproof tights, leakproof swim and reusable pads.

K. "Notice" means the method of communication of this Settlement to the Settlement Class, as contemplated in Section 7.3 of this Agreement, and approved by the Court. The Notice shall be substantially in the forms attached as Exhibits D ("Email Notice"), E ("Postcard Notice"), F ("Detailed Notice") and G ("Publication Notice").

L. "Notice Plan" means the plan for disseminating notice of the Settlement to the Settlement Class, described in Sections 3.5 and 7.3 of this Agreement.

M. "Notice Date" means the first date on which notice is emailed or mailed to the Settlement Class, provided, however, that any re-emailing or re-mailing of such notice (including mailing the Postcard Notice to members of the Settlement Class for whom the Email Notice is returned as undeliverable) shall not affect or extend the Notice Date. The Notice Date shall be thirty (30) days after Knix provides the names, addresses, and email addresses of the Settlement Class to the Settlement Administrator, in accordance with Section 7.1.

N. "Preliminary Approval Order" means the Court's order preliminarily approving the Settlement, Notice, and Notice Plan, substantially in the form of Exhibit A.

O. "Released Parties" means Knix, their past or present parent, sister and subsidiary corporations, affiliated entities, predecessors, successors, assigns, and any of their present and former directors, officers, employees, shareholders, investors, agents, partners, licensors, privies, representatives, attorneys, accountants, and all persons acting by, through, under, or in concert with them, as well as any and all distributors, sellers and resellers of Knix Products.

P. "Releasing Parties" means Plaintiffs and all Settlement Class Members, including any and all of their respective heirs, executors, administrators, representatives, agents, partners, successors, or assigns.

Q. "Replenishment Amount" means the amount of up to six hundred thousand dollars ($600,000.00) in addition to the Cash Minimum Amount to be paid by Knix to cover additional valid claims by Settlement Class Members. The Replenishment Amount shall in no event be paid by Knix unless required for payment of actual valid claims that would otherwise result in exceeding the amount of the All-In Non-Reversionary Monetary Fund.

R. "Settlement Administrator" means an independent settlement administrator agreed upon by the Parties and approved by the Court. The Parties have agreed that KCC Class Action Services, LLC ("KCC") will serve as Settlement Administrator, subject to Court approval.

S. "Settlement Class" and "Settlement Class Members" means all persons who purchased Knix Products in the United States, its territories, and/or the District of Columbia, from January 1, 2020, to December 31, 2022 (the "Class Period"). Excluded from the Settlement Class are (i) Knix; (ii) its parents, subsidiaries, affiliates, officers, directors, investors, and employees; (iii) any entity in which Knix has a controlling interest; (iv) any judge presiding over this Action, their staff, and the members of the judge's immediate family, and (v) all persons who timely request exclusion from (opt-out of) the Settlement in accordance with the procedures set forth in Section 6 of this Agreement. Knix stipulates to this Settlement Class for settlement purposes only.

T. "Settlement Website" means a publicly-accessible website created and maintained by the Settlement Administrator for the purpose of providing the Settlement Class with notice of and information about the Settlement as well providing Claim Forms for the Settlement Class to view and submit, as described in Section 7.3.1 of this Agreement.

U. "Valid Claimant" means any Settlement Class Member who submits a complete, accurate, valid, and timely Claim Form.

## RECITALS

This Agreement is made for the following purposes and with reference to the following facts:

WHEREAS, by letter dated February 23, 2022, Plaintiffs, individually and on behalf of a proposed Nationwide Class, put Knix on notice of consumer protection, warranty, and common law claims arising out of the purchase of Knix Products. Plaintiffs allege that Knix, relying on independent third-party testing, made misrepresentations and/or omissions in its marketing materials and elsewhere regarding the Products, including by representing that the Products were 100% free of per- and polyfluoroalkyl substances ("PFAS"), fluorine and toxic chemicals when, according to Plaintiffs, certain samples of select products tested by the Plaintiffs' counsel contained certain PFAS in amounts that are detectable using more sensitive testing methods with lower detection limits than those used by Knix's independent third-party testing labs (the "Allegations"). Plaintiffs' claims involve Knix's marketing statements; they do not involve allegations that any Knix products are unsafe and/or cause injuries, or that Knix intentionally added PFAS to its products. Along with the notice, Plaintiffs provided Knix with a copy of a draft Class Action Complaint pleading the causes of action identified in the notice.

WHEREAS, the Parties conducted a full-day mediation before Bradley Winters of JAMS, and although they were unable to reach a settlement at the mediation, they continued settlement negotiations which culminated in an agreement in principle to resolve all claims of the proposed nationwide Settlement Class in this Action.

WHEREAS, Class Representatives and Class Counsel believe that the claims asserted in the Action have merit and have examined and considered the benefits to be obtained under this Settlement, the risks associated with the continued prosecution of this complex and time-consuming litigation, and the likelihood of ultimate success on the merits, and have concluded that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class;

WHEREAS, Knix denies the Allegations and all other allegations made in the Action and denies that it did anything unlawful or improper, and its agreement to this Settlement is not an admission of guilt or wrongdoing of any kind. Without limitation, Knix denies that it has ever intentionally used PFAS in the manufacture of the Products and denies that it intentionally made any misrepresentations. Knix made its PFAS-related representations based on multiple rounds of independent testing that did not detect PFAS in the samples tested (results of which were posted on Knix's website), as well as its knowledge of its manufacturing processes and the materials used in its products. Knix stands behind the safety of its products and the transparency of its testing disclosures. Knix does not concede that Plaintiffs' test results demonstrate the presence of PFAS in any samples of Knix's products, and Knix contends that the amounts Plaintiffs claim to have detected in certain samples are trace amounts at or near the limit of what is currently detectable in fabrics using the most sensitive testing methods available. Knix contends that the trace amounts Plaintiffs claim to have detected may be the result of contamination during the testing or sampling process or interference from other substances and, in any event, those trace amounts do not suggest the intentional addition of PFAS to any product. However, Knix acknowledges that because PFAS are widespread in the environment and supply chain processes, and with advancements in testing sensitivity, it is now possible that trace amounts of PFAS may be detected in a sample of a consumer product, even when, as in the case of Knix, PFAS are not intentionally added and were not detected during routine testing;

WHEREAS, the Parties have each considered the uncertainties of trial and the benefits to be obtained under the Settlement, as well as the costs, risks, and delays associated with the continuation of this Action and the likely appeals of any rulings in favor of either Plaintiffs or Knix; and

WHEREAS, the Parties desire to settle the Action in its entirety as to Plaintiffs, the Settlement Class Members, and Knix with respect to all claims arising out of the facts underlying the Action, and intend this Agreement to bind Plaintiffs (both as the Class Representatives and individually), Knix, and Settlement Class Members;

NOW THEREFORE, in light of the foregoing, for good and valuable consideration, the Parties, and each of them, hereby warrant, represent, acknowledge, covenant, and agree, subject to approval by the Court, as follows:

1. **SETTLEMENT CLASS**

1.1 **Certification of the Settlement Class**. For purposes of settlement and the proceedings contemplated by this Agreement only, subject to Court approval, the Parties stipulate and agree that a Settlement Class shall be provisionally certified pursuant to Federal Rule of Civil Procedure 23 as defined in Section 1.3, that Plaintiffs shall be the Class Representatives and shall represent the Settlement Class for settlement purposes, and that Erin Ruben, Hunter Bryson, Harper Segui and Rachel Soffin of the law firm of Milberg Coleman Bryson Phillips Grossman shall be appointed as Class Counsel for the Settlement Class.

1.2 **Decertification of the Settlement Class if Settlement Not Approved**. Knix does not consent to certification of the Settlement Class for any purpose other than to effectuate the Settlement. If the Court does not enter an order granting final approval of the Settlement, or if for any other reason the Effective Date does not occur, any certification of any Settlement Class will be vacated and the Parties will be returned to their positions with respect to the Action as if the Agreement had not been entered into. Specifically: (a) any Court orders preliminarily or finally approving the certification of any class contemplated by this Agreement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity; and (b) the fact of the settlement reflected in this Agreement, that Knix did not oppose the certification of a Settlement Class under this Agreement, or that the Court preliminarily or finally approved the certification of a Settlement Class, shall not be used or cited thereafter by any person in any manner whatsoever, including without limitation any contested proceeding relating to the certification of any class. In the event the terms and conditions of this Agreement are substantially modified by the Court, Knix reserves the right to declare this Agreement null and void, in its sole discretion, within fourteen (14) days after such modification. Notwithstanding, in the event the Settlement is not approved, the parties will work in good faith, to the extent possible, to resolve the Court's concerns.

1.3 **Definition of Settlement Class**. The "Settlement Class" shall be defined as follows:

All persons who purchased Knix Products in the United States, its territories, and/or the District of Columbia, from January 1, 2020, to December 31, 2022. Excluded from the Settlement Class are (i) Knix; (ii) its parents, subsidiaries, affiliates, officers, directors, investors, and employees; (iii) any entity in which Knix has a controlling interest; (iv) any judge presiding over this Action, their staff, and the members of the judge's immediate family, and (v) all persons who timely request exclusion from (opt-out of) the Settlement in accordance with the procedures set forth in Section 6 of this Agreement.

2. **CONFIDENTIALITY**

2.1 The Parties, Class Counsel, and Knix's Counsel agree that until publication of this Agreement by submission to the Court, the terms of this Agreement and all associated documents and communications, including the negotiations leading to the execution of the Agreement and all submissions and arguments related to the mediation, shall not be disclosed by the Parties, Class Counsel, and Knix's Counsel other than: (i) as necessary to finalize the Settlement and Notice Plan; (ii) to the extent reasonably necessary, to persons or entities providing auditing, tax, insurance, actuarial or financial services to the Parties, provided those persons or entities are bound by confidentiality obligations no less restrictive than those set forth herein; (iii) to Knix's current, former and future shareholders, provided that those persons or entities are

bound by confidentiality obligations no less restrictive than those set forth herein; (iv) as required under the terms of a valid subpoena or court order, provided that the disclosing Party immediately notify the other Party of the subpoena or order and, where permitted, provide the other Party reasonable time to object prior to disclosure and reasonably cooperate in any efforts to oppose disclosure and/or obtain confidential treatment; or (v) as otherwise agreed upon in writing by the Parties or their counsel. Upon publication of the Agreement by submission to the Court, the nondisclosure obligations set forth here will no longer apply to the as-filed Agreement or the terms thereof, but such obligations will continue to apply to all other materials and information covered by this section, including but not limited to any negotiations leading to the execution of the Agreement.

2.2   Either party may respond in neutral terms to inquiries from the press to communicate that the Action has been resolved between the Parties. Any response shall not contain inflammatory language about the Parties or their perceived conduct in the Action, and shall be limited to accurately describing the terms of the Settlement as reflected in the Agreement. Nothing in this Settlement Agreement shall prevent Knix from publicly denying any of the allegations asserted in the Action or publishing results of its PFAS, fluorine or toxic-chemical testing.

3.   **SETTLEMENT RELIEF**

3.1   **Class Benefit**. Each Valid Claimant who timely submits a valid Claim Form shall receive cash reimbursement for past purchases of Knix Products, up to three (3) pairs total (the "Class Benefit"), on the following terms:

   3.1.1   **Cash Reimbursement**. Cash reimbursement for past purchases of Knix Products will be contingent upon Claimant providing a valid proof of purchase. Claimants will not, however, be required to provide proof of purchase for purchases of Knix Products reflected in Knix's electronic sales data that Knix is able to locate through a reasonably tailored search.

   Each Valid Claimant will receive a $5.30 refund for each of up to three pairs of Knix Products purchased during the Class Period that are reflected in Knix's records, or for which they submit a valid proof of purchase together with the Claim Form, subject to Section 3.3.2. The maximum cash reimbursement available will be $15.90 per Valid Claimant.

   3.1.2   **Under Penalty of Perjury Attestation**. The Claim Form will only be deemed valid subject to a completed penalty of perjury attestation regarding the accuracy of the information provided in the Claim Form, but shall not require notarization.

   3.1.3   **Dissemination of Class Benefit**. The Settlement Administrator will provide Valid Claimants with the class benefit within thirty (30) days after the Effective Date.

3.2   **All-In Non-Reversionary Monetary Fund**.

   3.2.1   The Settlement Administrator shall establish and maintain the All-In Non-Reversionary Monetary Fund. The All-In Non-Reversionary Monetary Fund shall be a nonreversionary common fund, no part of which shall revert to Knix. The Settlement Administrator will hold the All-In Non-Reversionary Monetary Fund in escrow until such time as the Settlement Administrator is authorized to disseminate the funds pursuant to this Agreement, the Final Approval Order, or other order of the Court.

   3.2.2   Within twenty-one (21) days after Preliminary Approval, Knix shall pay into the All-In Non-Reversionary Monetary Fund a portion of the Cash Minimum Amount

5

sufficient to cover the Administration Costs. Within twenty-one (21) days after the Effective Date, Knix shall deposit the balance of the Cash Minimum Amount into the All-In Non-Reversionary Monetary Fund.

3.2.3  The All-In Non-Reversionary Monetary Fund shall be applied as follows, in accordance with the terms and conditions set forth elsewhere in this Agreement:

3.2.3.1  To pay the Administration Costs;

3.2.3.2  To distribute the Class Benefit from the All-In Non-Reversionary Monetary Fund to Valid Claimants in accordance with Section 3.1.

3.2.3.3  To pay any Attorneys' Fee and Expense Payment to Class Counsel, and any service awards to the Class Representatives, that may be approved by the Court; and

3.2.3.4  If total Class Benefit, Administration Costs, Attorneys' Fee and Expense Payment, and service awards are less than the amount of the All-In Non-Reversionary Monetary Fund, the amount remaining shall be paid to a *cy pres* charity to be agreed upon by the parties and approved by the Court.

3.3  **Replenishment Amount and Maximum Cap**

3.3.1  **Replenishment Amount**: If the cost of total Class Benefit, Administration Costs, Attorneys' Fee and Expense Payment, and service awards exceeds the amount of the All-In Non-Reversionary Monetary Fund, Knix shall pay a Replenishment Amount not to exceed $600,000 to cover the cost of valid claims that would not otherwise be paid. Knix shall not be required to pay any amount above the All-In Non-Reversionary Monetary Fund other than for valid claims. Knix shall provide any applicable Replenishment Amount to the Settlement Administrator within twenty-one (21) days after the Effective Date, and the Settlement Administrator shall hold such Replenishment Amount in escrow until authorized to disseminate the funds pursuant to this Agreement, the Final Approval Order, or other order of the Court.

3.3.2  **Maximum Cap**. Notwithstanding monetary contribution towards Non-Monetary Relief (Section 3.4), in no event shall Knix be required to pay any amount in excess of $2,000,000 (the "Maximum Cap"). Knix's total financial commitment under this Agreement shall be comprised of the Cash Minimum Amount and any applicable Replenishment Amount up to the Maximum Cap, and Knix shall not be required to pay any additional amount in connection with the Agreement, the Settlement, the Action or the claims released in Section 10 of this Agreement.

If total valid claims, notice and administration costs, Attorneys' Fee and Expense Payment, and service awards would exceed the Maximum Cap, the payments to Settlement Class Members shall be reduced on a pro rata basis.

3.4  **Non-Monetary Relief.** In addition to the Class Benefit provided for in Section 3.1, Knix agrees to the following non-monetary relief with respect to Knix Products sold within the United States:

3.4.1  **Manufacturing.** Knix will continue to take measures to help ensure that PFAS are not intentionally added to Knix Products at any stage of production, including through periodic testing of its period underwear.

6

        For a period of two (2) years from the date of Preliminary Approval, Knix will also supplement its existing PFAS and fluorine testing procedures for Knix Products to increase the frequency of its finished-product PFAS and fluorine testing from annually to semi-annually. Knix will ensure that the lab(s) utilized for such testing will have state-of-the-art equipment and testing capabilities using testing methods that conform to current standards.

   3.4.2   **Fabric Supplier Agreement.** For a period of two (2) years from the date of Preliminary Approval, Knix will supplement its existing testing requirements applicable to its fabric suppliers, to require all of Knix's suppliers of all fabric used in Knix Products to increase the frequency of their PFAS and organic fluorine testing from annually to semi-annually.

   3.4.3   **Knix's Website.** For a period of one (1) year from the date of Preliminary Approval, Knix will revise its website to remove references to Knix Products being PFAS Free, Toxic Chemical Free, and Fluorine Free. Prior to the execution of this Agreement, Knix removed the version of the website at issue in the draft Class Action Complaint and published a revised version consistent with this Paragraph. Nothing in this Settlement Agreement will prevent Knix from publishing, on its website or otherwise, the results of its testing of Knix Products for PFAS or fluorine or toxic chemicals, or from making statements, on its website or otherwise, consistent with Knix's positions set forth in this Agreement, nor should anything in the Settlement Agreement be interpreted as Plaintiffs' endorsement of Knix's publications on its website or marketing materials.

3.5   **Communication to the Class**. The Parties have agreed on a Notice Plan to be administered by the Settlement Administrator, as described in Section 7.3 and Exhibits D, E, F and G.

3.6   **Claim Form**. To be entitled to receive the Class Benefit, Settlement Class Members must accurately and timely submit the Claim Form and any required documentation within 90 days following the Notice Date.

3.7   **Determination and Processing of Claims**. The Settlement Administrator will review all Claim Forms to determine their validity, eligibility, and the type and amount of Class Benefit to which the Claimant is entitled. The Settlement Administrator will reject any claim that does not materially comply with the instructions on the Claim Form, is not submitted by a Settlement Class Member, or is duplicative or fraudulent.

Within fifteen (15) days of receiving an insufficient Claim Form, the Settlement Administrator shall send by email if available or first-class United States Mail if email is not available a written notice of deficiency to the Settlement Class Member identifying what may cause the claim to be denied and giving the Settlement Class Member no more than fifteen (15) days to cure the deficiency.

**4.**   **OBTAINING COURT APPROVAL OF THE AGREEMENT**

4.1   **Preliminary Approval.** Class Counsel has provided Knix's Counsel with a draft Class Action Complaint (For Purposes of Settlement) and a draft of a motion for preliminary approval. The Parties agree that Plaintiffs will file the Complaint and motion for preliminary approval on a date to be agreed upon between the parties, but no later than September 1, 2023. The motion shall be written in a neutral manner that plainly states Plaintiffs' allegations and claims while making clear that those allegations involve marketing practices and not safety or personal

7

injury, and that Knix denies every allegation of wrongdoing, admits no liability and stands behind the safety of its products. Knix will not oppose the motion.

4.2 **CAFA Notice.** Once Plaintiffs file the motion for preliminary approval, the Settlement Administrator will provide timely notice of the motion as required by the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.*

4.3 **Final Approval and Judgment.** Class Counsel will file their motion for final approval of the settlement no later than one hundred forty-five (145) days after the entry of the Preliminary Approval Order. Class Counsel will draft the motion for final approval of the settlement, and will provide that draft to Knix's Counsel at least ten (10) days prior to the deadline to file the motion, unless otherwise agreed to by the Parties. The motion shall be written in a neutral manner that plainly states Plaintiffs' allegations and claims while making clear that Knix denies every allegation of wrongdoing and admits no liability. Knix may provide feedback concerning the motion, and Class Counsel will meet and confer with Knix in good faith regarding Knix's feedback.

5. **OBJECTIONS**

5.1 Settlement Class Members who do not submit timely and valid requests for exclusion may file objections to the Settlement, Class Counsel's request for attorneys' fees and expenses, and/or the requested service awards for the Class Representatives.

5.2 Any Settlement Class Member who intends to object to the Settlement must file with the Court a written statement that includes: a caption or title that identifies it as "Objection to Class Settlement in *Spencer, et al. v. Knix Wear Inc.*, Case No. [TO BE INSERTED];" the Settlement Class Member's name, address, and telephone number; all grounds for the objection, with any factual and legal support for each stated ground; the identity of any witnesses the Settlement Class Member may call to testify; copies of any exhibits that the Settlement Class Member intends to introduce into evidence at the Final Approval Hearing; a statement identifying their counsel if they are represented by counsel; if they are represented by counsel, a list of any and all cases identified by case name their counsel has objected to within the last 10 years; and a statement of whether the Settlement Class Member intends to appear at the Final Approval Hearing with or without counsel. To be timely, the objection must (a) be submitted to the Court either by filing it in person at any location of the United States District Court for the Southern District of New York or by mailing it to the Clerk of the Court for filing, and (b) be filed or postmarked by the Objection and Exclusion Deadline, which shall be no less than ninety (90) days after the Notice Date. The objection must be individually signed and submitted via one of the options identified in 5.2(a) or (b).

5.3 Any Settlement Class Member who fails to timely file with the Court a written objection in accordance with the terms of Section 5.2 of this Agreement and as detailed in the Notice shall waive and forfeit any and all rights the Settlement Class Member may have to object, appear, present witness testimony, and/or submit evidence; shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing; shall be precluded from seeking review of this Agreement by appeal or other means; and shall be bound by all the terms of this Agreement and by all proceedings, orders, and judgments in the Action.

5.4 Class Counsel shall file their application for attorneys' fees, costs and service awards for Plaintiffs fifteen (15) days in advance of the deadline for filing and serving objections. The application shall be written in a neutral manner that plainly states Plaintiffs' allegations and claims while making clear that Knix denies every allegation of wrongdoing and admits no

liability. Once it is filed, Class Counsel's application for attorneys' fees, costs, and service awards shall be posted on the Settlement Website.

5.5 Plaintiffs and Knix shall have the right, but not the obligation, to respond to any objection no later than ten (10) days prior to the Final Approval Hearing. The party responding shall file a copy of the response with the Court, and shall serve a copy on the objector (or counsel for the objector).

**6. EXCLUSIONS**

6.1 **Requests for Exclusion.** The Notice will advise all members of the Settlement Class of their right to exclude themselves from the Settlement. The Settlement will not bind any individuals who timely exclude themselves from the Settlement.

6.2 **Requesting process.** To request to be excluded from the Settlement, members of the Settlement Class must timely submit a written request for exclusion either via the Settlement Website or by U.S. mail to the Settlement Administrator, which will be responsible for receiving and processing requests for exclusion.

6.3 **Deadline.** To be excluded from the Settlement, the request for exclusion must be submitted via the Settlement Website or postmarked by the Objection and Exclusion Deadline established in the Preliminary Approval Order, which shall not be less than ninety (90) days after the Notice Date.

6.4 **Effect of exclusion.** Any person who is a member of the Settlement Class and who validly and timely requests exclusion from the Settlement shall not be a Settlement Class Member; shall not be bound by the Settlement; shall not be eligible to apply for or receive any benefit under the terms of the Settlement; and shall not be entitled to submit an Objection to the Settlement.

6.5 **Exclusion list.** No later than fourteen (14) days after the Objection and Exclusion Deadline, the Settlement Administrator will provide Class Counsel and Knix's Counsel with the list of persons who have timely and validly excluded themselves from the Settlement.

6.6 **Effect of Exclusions.** If five percent (5%) or more of the members of the Settlement Class validly and timely exclude themselves from the Settlement, then Knix shall have the option to rescind this Agreement, in which case all of Knix's obligations under this Agreement shall cease to be of any force and effect, and this Agreement shall be rescinded, cancelled, and annulled. If Knix exercises this option, it shall provide Plaintiffs with written notice of its election within fourteen (14) days of receiving the exclusion list from the Settlement Administrator, at which point the Parties shall return to their respective positions that existed prior to the execution of this Agreement. No term of this Agreement or any draft thereof, or the negotiation, documentation, or other part of aspect of the Parties' settlement discussions, or any filings or orders respecting the Settlement or any aspect of the Settlement, shall have any effect or be admissible as evidence for any purpose in the Action, or in any other proceeding.

**7. NOTICE AND SETTLEMENT ADMINISTRATION**

7.1 Knix will provide to the Settlement Administrator (but not to Class Counsel) the names, addresses, and email addresses for all members of the Settlement Class for whom it has records within fifteen (15) days of the date of entry of the Preliminary Approval Order.

7.2 The Settlement Administrator will administer the Notice and in accordance with the Preliminary Approval Order. The Settlement Administrator will keep identities and contact

information of members of the Settlement Class confidential, using them only for purposes of administering this Settlement.

7.3 **Notice Plan.** The Parties will mutually agree upon and will seek Court approval of the following forms and methods of notice to the members of the Settlement Class:

7.3.1 **Settlement Website.** The Settlement Administrator will establish and maintain a Settlement Website with a mutually acceptable domain name. The Settlement Website will be optimized for viewing on both mobile devices and personal computers. The Settlement Website will include the Detailed Notice, the Agreement, the operative Class Action Complaint, the Preliminary Approval Motion and Order as entered, Plaintiffs' application for attorneys' fees and expenses, Plaintiffs' Motion for Final Approval of Class Action Settlement, answers to a set of frequently asked questions (subject to mutual agreement on form and substance between the parties), and information on how to object or request exclusion, as well as contact information for Class Counsel and the Settlement Administrator. The Settlement Website will include a readily accessible means for members of the Settlement Class to electronically submit a Claim Form or request for exclusion, as well as an address to which Claim Forms or requests for exclusion may be mailed. The Settlement Website will be live on the Notice Date.

7.3.2 **Toll-Free Number.** The Settlement Administrator will establish a toll-free telephone number where members of the Settlement Class can request a copy of the Detailed Notice, the Claim Form, and other materials referenced in Section 7.3.1.

7.3.3 **Email Notice.** The Settlement Administrator will email to each member of the Settlement Class for whom Knix has an email address a copy of the Email Notice. The email notice shall contain a link to the Settlement Website.

7.3.4 **Postcard Notice.** For members of the Settlement Class (a) who do not have valid email addresses in Knix's records, or (b) for whom the Email Notice is returned as undeliverable, the Settlement Administrator will mail to each such member of the Settlement Class for whom a mailing address can be located a Postcard Notice. All postcard Notices returned by the U.S. Postal Service with a forwarding address will be re-mailed to that address.

7.3.5 **Publication Notice.** During the Class Period, over 99% of sales of the Knix Products were sold online through Knix's website, and less than 1% of the Knix Products were sold through Knix's California retail stores. The Settlement Administrator shall implement a California geo-targeted media campaign that will deliver digital media impresions on desktop and mobile devices to women age 18 years or older within a one-mile radius of Knix's California retail locations. The campaign will continue for thirty (30) days, and the impressions will provide a link to the Settlement Website and contact information for the Settlement Administrator. The selection of websites and the content and design of the impressions shall be subject to Knix's approval, and the impressions shall be in the form of Exhibit G.

7.4 The Settlement Administrator will perform all settlement notice and administration duties required by the Settlement at a cost not to exceed $250,000. With approval from Class Counsel and Knix's counsel, the Settlement Administrator will withdraw from the All-In Non-Reversionary Monetary Fund funds sufficient to cover the Administration Costs, which encompasses all costs and expenses related to the settlement notice and administration functions to be performed by the Settlement Administrator, including the claims administration

10

process. In the event those costs and expenses exceed $250,000, then the Parties will promptly negotiate in good faith regarding how such excess costs will be allocated, and if they cannot agree upon a resolution, then Knix shall have the right to declare this Agreement null and void, in its sole discretion.

## 8. CLASS COUNSEL FEES AND EXPENSES, AND SERVICE AWARDS

8.1  Any award of Attorneys' Fees and Expenses shall be decided by the Court and payable from the All-In Non-Reversionary Monetary Fund.

8.2  The amount of attorneys' fees and expenses was negotiated at arm's length, and only after agreement was reached on all substantive terms of the settlement. As part of the resolution of this action, the Parties have agreed that Class Counsel may apply for an award of attorneys' fees and expenses not to exceed $500,000 in the aggregate. In no event shall Knix be liable for any attorneys' fees or expenses in excess of these amounts.

8.3  The Settlement Administrator will pay Class Counsel the Court-approved Attorneys' Fee and Expense Payment within thirty (30) days after the Effective Date.

8.4  The Court's award of any Attorneys' Fee and Expense Payment shall be separate from the determination of whether to approve the Settlement. In the event the Court approves the Settlement, but declines to award Class Counsel attorneys' fees or expenses in the amount requested by Class Counsel, the Settlement will nevertheless be binding on the Parties to the extent permissible under applicable law.

8.5  As part of the resolution of this action, the Parties have agreed that Class Counsel may apply for a service award of no more than $1,000.00 per named Plaintiff ($2,000.00 total). The service award is not a measure of damages, but instead solely an award for the Class Representatives' services, time, and effort on behalf of the Settlement Class Members. Class Counsel will be solely responsible for distributing any service award to the named Plaintiffs from the All-In Non-Reversionary Fund.

8.6  <u>No Tax Advice</u>. Neither the Parties nor their counsel intend anything contained herein to constitute legal advice regarding the taxability of any amount paid hereunder. No Person shall rely on anything in this Settlement Agreement to provide tax advice, and any Person, including, without limitation, Named Plaintiffs and Settlement Class Members, shall obtain his, her, or its own independent tax advice with respect to any payment under this Settlement Agreement. For avoidance of doubt, Knix shall not be liable for payment of taxes on any cash reimbursement, attorneys' fee or expense payment, service award or any other payment made pursuant to this Settlement Agreement.

8.7  Any order or proceeding relating to the application for a service award, the pendency of the application, or any appeal from any such order, will not operate to terminate or cancel this Agreement. The Class Representatives' approval of this Settlement is not contingent on Class Counsel making an application for a service award, or the Court approving any application for a service award.

8.8  <u>Defendants' Attorneys' Fees and Costs</u>. Knix shall bear its own attorneys' fees and costs in the Action.

## 9. DENIAL OF LIABILITY; PROHIBITION OF USE

9.1  Knix vigorously denies all of the material allegations in the Action. Knix enters into this Agreement without in any way acknowledging any fault, liability, or wrongdoing of any kind.

11

Knix further denies the truth of any of the claims asserted in the Action, including any allegations that Plaintiffs or any member of the Settlement Class has been harmed by any conduct by Knix, whether as alleged in the Action or otherwise. Knix nonetheless has concluded that it is in its best interests that the Action be settled on the terms and conditions set forth herein in light of the expense that would be necessary to defend this litigation and the benefits of disposing of protracted and complex litigation.

9.2 To the extent permitted by law, neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability or admission by Knix, or to establish the truth of any of the claims or allegations alleged in the Action.

9.3 Neither the Agreement nor anything that the Parties said or did during the negotiation of the Agreement shall be construed or used in any manner as an admission of liability or evidence of any Party's fault, liability, or wrongdoing of any kind; nor as an admission of any lack of merit of the causes of action asserted in the Action.

9.4 To the extent permitted by law, the Agreement may be pleaded or invoked as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding which may be instituted, prosecuted, or attempted for the Released Claims.

**10. RELEASES AND WARRANTIES**

10.1 As of the Effective Date, Releasing Parties hereby fully and irrevocably release and forever discharge Released Parties from any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands, of any kind whatsoever, whether state or federal, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have or may claim now or in the future to have, whether based in contract, tort, warranty, fraud, negligence, violation of federal or state statute or any other theory, that arise out of or relate to the Allegations or any other allegations asserted in the Class Action Complaint, or that were asserted or could have been asserted in the Action (the "Released Claims"). The Released Claims exclude claims for personal injury. For avoidance of doubt, the Released Claims include any and all claims against Knix's past, present and future shareholders with respect to Knix's advertising, sale and distribution of Knix Products purchased during the Class Period (other than claims for personal injury), but do not include claims against those persons or entities that do not arise from or relate to Knix's advertising, sale or distribution of Knix Products.

10.2 In consideration for this Agreement and the consideration set forth herein, Plaintiffs and the Settlement Class Members acknowledge that the release herein includes potential claims and costs that may not be known or suspected to exist, and that Plaintiffs and the Settlement Class Members hereby agree that all rights under California Civil Code section 1542, and any similar law of any state or territory of the United States, are expressly and affirmatively waived. California Civil Code section 1542 states as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

10.3    No person will have any claim of any kind against the Parties or their counsel or the Settlement Administrator with respect to the Settlement and the matters set forth herein, or based on determinations or distributions made substantially in accordance with this Agreement, the Final Approval Order and Judgment, or other order(s) of the Court.

## 11. EFFECTIVE DATE OF THE AGREEMENT; TERMINATION

11.1    The "Effective Date" of this Agreement shall be the first day after the date on which all of the following events and conditions of this Agreement have been met or have occurred:

    11.1.1    All of the Parties and their counsel have executed this Agreement;

    11.1.2    The Court has entered the Final Approval Order finally approving the Settlement substantially in the form attached as Exhibit B (unless amended by mutual agreement of the Parties prior to final approval) and has entered Judgment in accordance with the Final Approval Order; and

    11.1.3    The Judgment has become final in that the time for appeal of, or writ as to, the Judgment has expired or, if any such appeal and/or petition for review is taken and the Settlement is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired. If the Judgment is set aside, materially modified, or overturned by the trial court or on appeal, and is not fully reinstated on further appeal, the Judgment shall not become final as contemplated by this subsection.

11.2    If the Judgment does not become final and/or this Agreement is terminated or fails to become effective for any reason, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Approval Order and Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, nunc pro tunc, and the Parties shall be returned to the status quo ante with respect to the Action as if this Agreement had never been entered into. In the event of a termination, the Settlement Administrator shall return any monies remaining in the settlement fund to Knix within fourteen (14) days of receiving notice of the termination. Additionally, within fourteen (14) days of receiving notice of the termination, Class Counsel shall reimburse Knix for fifty percent (50%) of any portion of the Administration Costs incurred or otherwise withdrawn from the settlement fund prior to its return to Knix.

## 12. MISCELLANEOUS

12.1    **Extensions of time.** All time periods and dates described in this Agreement are subject to the Court's approval. Unless otherwise ordered by the Court, the Parties through their counsel may jointly agree to reasonable extensions of time to carry out any of the provisions of this Agreement. The time periods and dates provided for herein or in the Preliminary Approval Order may be altered by the Court or through written consent of the Parties' counsel, without notice to the Class Members; provided, however, that any such changes in the schedule of Settlement proceedings will be posted on the Settlement Website.

12.2    **Integration.** This Agreement, including all exhibits, constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

12.3 **Governing law.** This Agreement shall be construed in accordance with, and be governed by, the laws of the State of New York, without regard to the principles thereof regarding choice of law.

12.4 **Gender and plurals.** As used in this Agreement, the masculine, feminine, or neutral gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

12.5 **Representative capacity.** Each person executing this Agreement in a representative capacity represents and warrants that they are empowered to do so.

12.6 **Headings and counterparts.** The headings or captions in this agreement will not be deemed to have any effect and are provided for convenience only. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts.

12.7 **Cooperation of Parties.** The Parties and their counsel agree to prepare and execute all documents, to seek Court approvals, to defend Court approvals, and to do all things reasonably necessary to complete the Settlement.

12.8 **Voluntary execution.** This Agreement is executed voluntarily by each of the Parties without any duress or undue influence on the part, or on behalf, of any of them. The Parties represent and warrant to each other that they have read and fully understand the provisions of this Agreement and have relied on the advice and representation of legal counsel of their own choosing. Each of the Parties has cooperated in the drafting and preparation of this Agreement and has been advised by counsel regarding the terms, effects, and consequences of this Agreement. Accordingly, in any construction or interpretation to be made of this Agreement, the Agreement shall not be construed as having been drafted solely by any one or more of the Parties or their counsel. The Agreement has been, and must be construed to have been, drafted by all Parties and their counsel, so that any rule that construes ambiguities against the drafter will have no force or effect.

12.9 **Notices.** Any notice provided in connection with the Agreement or other document to be given by any Party to any other Party shall be in writing and (i) delivered personally or by registered or certified mail, postage prepaid, to the appropriate address(es) set forth immediately below, or to other contact points as the Parties may identify by notice given in accordance with this Section; and also (ii) transmitted by email to the appropriate email address(es) set forth immediately below.

| Notice to Class Counsel: | Notice to Knix: |
|---|---|
| Erin J. Ruben<br>MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN<br>900 W. Morgan Street<br>Raleigh, NC 27603<br>ERuben@milberg.com | Lauren S. Colton<br>HOGAN LOVELLS US LLP<br>100 International Drive, Suite 2000<br>Baltimore, MD 21202<br>lauren.colton@hoganlovells.com |

The notice recipients and addresses designated above may be changed by written notice pursuant to this Section.

12.10 **Modification or amendment.** Except as otherwise provided herein, this Agreement may be amended or modified only by a written instrument signed by the Parties' counsel.

12.11 **Continuing jurisdiction**. Any and all disputes arising from or related to the Settlement or this Agreement must be brought by the Parties, Class Counsel, Knix's Counsel and/or each member of the Settlement Class, exclusively in the Court. The Parties, Class Counsel, Knix's Counsel, and each member of the Settlement Class hereby irrevocably submit to the exclusive and continuing jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to the Settlement or this Agreement.

*[Signatures on next page]*

Date: August __, 2023          By:_____
                                                Nickole Gonzalez
                                                Plaintiff and Class Representative

Date: August 31, 2023          By: *Erin Spencer* _____
                                                  Erin Spencer
                                                Plaintiff and Class Representative


Date: August __, 2023          **KNIX WEAR INC.**


                                             By:_____


APPROVED AS TO FORM:

Date: August __, 2023          By:_____
                                                Erin J. Ruben
                                                Milberg Coleman Bryson Phillips Grossman
                                                ***Attorneys for Plaintiffs and the Settlement Class***

Date: August __, 2023          By: _____
                                                Lauren S. Colton
                                                Hogan Lovells US LLP
                                                ***Attorneys for Knix Wear Inc.***

Date: August 31.00, 2023          By: *Nickole Gonzalez*
                                                      Nickole Gonzalez
                                                      Plaintiff and Class Representative

Date: August __, 2023              By:_____
                                                        Erin Spencer
                                                      Plaintiff and Class Representative

Date: August __, 2023              **KNIX WEAR INC.**

                                             By:_____

APPROVED AS TO FORM:

Date: August __, 2023              By:_____
                                                        Erin J. Ruben
                                                         Milberg Coleman Bryson Phillips Grossman
                                                         ***Attorneys for Plaintiffs and the Settlement Class***

Date: August __, 2023              By: _____
                                                        Lauren S. Colton
                                                        Hogan Lovells US LLP
                                                        ***Attorneys for Knix Wear Inc.***

Date: September __, 2023  By:_____
                                                  Nickole Gonzalez
                                                  Plaintiff and Class Representative

Date: September __, 2023  By:_____
                                                  Erin Spencer
                                                  Plaintiff and Class Representative

Date: September __, 2023  **KNIX WEAR INC.**

                                            By:_____

APPROVED AS TO FORM:

Date: September _1_, 2023  By: *[signature: Erin J. Ruben]*
                                                  Erin J. Ruben
                                                  Milberg Coleman Bryson Phillips Grossman
                                                  *Attorneys for Plaintiffs and the Settlement Class*

Date: September __, 2023  By: _____
                                                  Lauren S. Colton
                                                  Hogan Lovells US LLP
                                                  *Attorneys for Knix Wear Inc.*

Date: September __, 2023          By:_____
                                     Nickole Gonzalez
                                     Plaintiff and Class Representative

Date: September __, 2023          By:_____
                                     Erin Spencer
                                     Plaintiff and Class Representative

Date: September _1_, 2023         **KNIX WEAR INC.**

                                  By:_____
                                     *Joanna Griffiths*
                                     E588F7342377454
                                     Joanna Griffiths
                                     Founder & President

APPROVED AS TO FORM:

Date: September __, 2023          By:_____
                                     Erin J. Ruben
                                     Milberg Coleman Bryson Phillips Grossman
                                     *Attorneys for Plaintiffs and the Settlement Class*

Date: September __, 2023          By: _____
      9/1/2023                       A5813615D9D245E...
                                     Lauren S. Colton
                                     Hogan Lovells US LLP
                                     *Attorneys for Knix Wear Inc.*

16