UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIN SPENCER and NICKOLE GONZALEZ, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>                    -against-<br><br>KNIX WEAR, INC., KNIX WEAR LLC, KNIX WEAR CALIFORNIA LLC, KNIX WEAR US, INC., and KNIX SAN DIEGO UTC, LLC,<br><br>                    Defendants. | No. 1:23-cv-07823 (JLR)<br><br>**PRELIMINARY<br>APPROVAL ORDER** |

JENNIFER L. ROCHON, United States District Judge:

WHEREAS, on September 1, 2023, Plaintiffs Erin Spencer and Nickole Gonzalez (collectively, "Plaintiffs") filed a Class Action Complaint in the Southern District of New York against Defendants Knix Wear Inc., Knix Wear LLC, Knix Wear California LLC, Knix Wear US, Inc., and Knix San Diego UTC, LLC, (collectively, "Defendants" or "Knix"), on behalf of themselves and all others similarly situated, alleging that Knix misrepresented the qualities of its leakproof apparel (ECF No. 1);

WHEREAS, Plaintiffs and Knix entered into a Settlement Agreement and Release ("Settlement Agreement") on September 1, 2023, which is attached as **Exhibit 1** to the Memorandum in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of the Settlement Agreement, filed on September 1, 2023, and sets forth the terms and conditions of the Settlement;[1]

---

[1] Unless otherwise stated, capitalized terms used herein have the meaning given to such terms in the Settlement Agreement.

WHEREAS, Plaintiffs have moved the Court for an order preliminarily approving the proposed Settlement pursuant to Federal Rule of Civil Procedure 23 and approving Notice to the Settlement Class as more fully described herein;

WHEREAS, Knix does not contest certification of the Settlement Class solely for purposes of the Settlement;

WHEREAS, the Court held a hearing on October 12, 2023, and requested additional information;

WHEREAS, on October 26, 2023, counsel for Plaintiffs submitted a Supplemental Memorandum in Support of Unopposed Motion for Preliminary Approval of Settlement Agreement (ECF No. 33);

WHEREAS, the Court is familiar with and has reviewed the record and has reviewed the Settlement Agreement and its exhibits, Plaintiffs' Memorandum of Law in Support of their Unopposed Motion for Preliminary Approval, Plaintiffs' Supplemental Memorandum in Support of Unopposed Motion for Preliminary Approval of Settlement Agreement, the supporting Joint Declarations of Erin Ruben, Rachel Soffin, Harper Segui, and Hunter Bryson, and exhibits thereto, and finds good cause for entering the following Order;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement.

**Preliminary Certification of the Settlement Class for Settlement Purposes**

2.      Under Federal Rule of Civil Procedure 23(b)(3), the Settlement Class, defined as follows, is preliminarily certified for the purpose of settlement only:

> All persons who purchased Knix Products in the United States, its territories, and/or the District of Columbia, from January 1, 2020, to December 31, 2022 (the "Class Period").

2

3.      The Settlement Class excludes:

> Knix, as well as its parents, subsidiaries, affiliates, officers, directors, investors, and employees; any entity in which Knix has a controlling interest; any judge presiding over this Action, their staff, and the members of the judge's immediate family, all persons who timely request exclusion from (opt-out of) the Settlement.

4.      The Court preliminary finds, for the purpose of settlement only, that the Settlement Class meets all the prerequisites of Federal Rule of Civil Procedure 23 for class certification, including numerosity, commonality, typicality, predominance of common issues, superiority, and that Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

5.      Plaintiffs Erin Spencer and Nickole Gonzalez are hereby appointed as Class Representatives of the Settlement Class.

6.      Hunter Bryson, Erin Ruben, Harper Segui, and Rachel Soffin are hereby appointed as Class Counsel for the Settlement Class.

7.      The Settlement Class, if certified in connection with final approval, shall be for settlement purposes only and without prejudice to the parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

**<u>Preliminary Approval of the Settlement</u>**

8.      The Court has scrutinized the Settlement Agreement carefully.  It preliminarily finds that the Settlement is the product of extensive, non-collusive, arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the case through pre-suit discovery pursuant to Fed. R. Evid. 408, extensive settlement discussions, and who mediated before Bradley Winters of JAMS ADR.  The Court also preliminarily finds that the Settlement is within the range of possible approval because it compares favorably with the expected recovery balanced against the risks of continued litigation,

does not grant preferential treatment to the Plaintiffs and Class Counsel, and has no obvious deficiencies.

9.      The Court hereby preliminarily approves the Settlement, as memorialized in the Settlement Agreement, as fair, reasonable, and adequate, and in the best interest of the Plaintiffs and the other Settlement Class Members, subject to further consideration at the Final Approval Hearing to be conducted as described below.

10.     The Court hereby stays this Action pending final approval of the Settlement, and enjoins, pending final approval of the Settlement, any actions brought by the named Plaintiffs concerning a Released Claim.

**Manner and Form of Notice**

11.     The Court approves the Notice and Claim Form substantially in the forms attached as Exhibit 2 to the Supplemental Memorandum in Support of Unopposed Motion for Preliminary Approval of Settlement Agreement.  The Notice is reasonably drafted, under the circumstances, to apprise the Settlement Class of the pendency of this litigation; the effects of the proposed Settlement on their rights (including the Released Claims contained therein); Class Counsel's upcoming motion for attorneys' fees, expenses, and service awards; of their right to submit a Claim Form; of their right to exclude themselves; and of their right to object to any aspect of the proposed Settlement.  The date and time of the Final Approval Hearing shall be included in the Notice before it is disseminated.

12.     The Court also finds that the proposed Notice Plan, which includes dissemination of Notice via (i) e-mail, (ii) U.S. mail (for those members of the Settlement Class for whom Knix does not have an e-mail address on file or for whom e-mail notice has been undeliverable), (iii) a geo-targeted media campaign, (iv) the Settlement Website, and (v) a toll-free telephone number will provide the best notice practicable under the circumstances.  The Notice and Notice Plan

4

provide due, adequate, and sufficient notice to the Settlement Class, and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules.

13.     The Court appoints KCC to serve as the Settlement Administrator to supervise and administer the Notice Plan, establish and operate a Settlement Website, administer the Claims process, including the determination of valid claims, distribute the Class Benefit to Valid Claimants according to the criteria set forth in the Settlement Agreement, and perform any other duties of the Settlement Administrator provided for in the Settlement Agreement.

14.     Knix shall provide the Settlement Administrator with the names, e-mail addresses (if available), and the mailing addresses (if available) of the Settlement Class for the purpose of disseminating the Notice.  This information will not be shared with Class Counsel.

15.     The Settlement Administrator shall provide Notice of the Settlement and Final Approval Hearing to the Settlement Class as follows:

a.     Within 45 days following the entry of this Order, the Settlement Administrator will establish the Settlement Website pursuant to the terms of the Settlement Agreement.  The Settlement Website will have a Claim Form submission capability, contain the operative Consolidated Class Action Complaint, Preliminary Approval Motion and Order, the detailed Class Notice substantially in the form contained in Exhibit 2 to the Supplemental Memorandum in Support of Unopposed Motion for Preliminary Approval of Settlement Agreement, the Settlement Agreement, Class Counsel's and Plaintiffs' application for attorneys' fees, costs, and service awards (once filed), Plaintiffs' Motion for Final Approval (once filed), answers to a set of frequently asked questions, information on how to object or request exclusion (and the ability to opt out online), and other information regarding the Court approval process as agreed to by the Parties.

b.      Within 45 days following entry of this Order, KCC will disseminate the Email Notice to each member of the Settlement Class for whom Knix has an email address, which will substantially be in the form contained in Exhibit 2 to the Supplemental Memorandum in Support of Unopposed Motion for Preliminary Approval of Settlement Agreement.

c.      Within 45 days following entry of this Order, KCC will mail the Postcard Notice for each member of the Settlement Class for whom Knix does not have an email address, which will substantially be in the form contained in Exhibit 2 to the Supplemental Memorandum in Support of Unopposed Motion for Preliminary Approval of Settlement Agreement.

d.      Within 45 days following entry of this Order, KCC will establish a toll-free telephone number where members of the Settlement Class can request a copy of the Detailed Notice, Claim Form(s), and other case documents.

e.      Within 45 days following entry of this Order, KCC will implement a geo-targeted media campaign as described in the Settlement Agreement, the content of which will substantially be in the form of Exhibit G to the Settlement Agreement.  The campaign will continue for 30 days and will provide a link to the Settlement Website and contact information for the Settlement Administrator.

**The Final Approval Hearing**

16.      The Court will hold a **Final Approval Hearing** on **April 23, 2024**, at **10:00 a.m**. in **Courtroom 20B** of the United States District Court, Southern District of New York, 500 Pearl Street, New York, New York 10007, for the following purposes: (i) to determine whether the Settlement should be approved as fair, reasonable, and adequate and in the best interests of Settlement Class Members; (ii) to rule upon Class Counsel's application for an award of attorneys' fees and expenses; (iii) to rule upon Class Counsel's application for service awards for

the Class Representatives; and (iv) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

17.     The Court may adjourn the Final Approval Hearing or decide to hold the Final Approval Hearing telephonically or via other means without further notice to the Settlement Class, and may approve the proposed Settlement without further notice to the Settlement Class.

18.     Class Counsel's application for an award of attorneys' fees and expenses, and Class Counsel's application for service awards, will be decided in an order separate from the order that addresses the fairness, reasonableness, and adequacy of the Settlement.

19.     If the Settlement is approved, Settlement Class Members (i.e., those who have not excluded themselves from the Settlement) will be bound by the Release provided for in the Settlement Agreement, and by any judgment or determination of the Court affecting Settlement Class Members. All Settlement Class Members shall be bound by all determinations and judgment in this Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

20.     Any Settlement Class Member who intends to object to the Settlement must file with the Court a written statement that includes: a caption or title that identifies it as "Objection to Class Settlement in *Spencer et al. v. Knix Wear Inc. et al.*, Case No. 1:23-cv-07823"; the Settlement Class Member's name, address, and telephone number; if they are represented by counsel, that counsel's name(s), address(es), and telephone number(s); all grounds for the objection, with any factual and legal support for each stated ground; the identity of any witnesses the Settlement Class Member may call to testify; copies of any exhibits that the Settlement Class Member intends to introduce into evidence at the Final Approval Hearing; and a statement of whether the Settlement Class Member intends to appear at the Final Approval Hearing with or without counsel.  To be timely, the objection must (a) be submitted to the Court either by filing it

in person at any location of the United States District Court for the Southern District of New York or by mailing it to the Clerk of the Court for filing, and (b) be filed or postmarked by the Objection deadline, which shall be 90 days after the Notice Date.  The objection must be individually signed and submitted via one of these options.

21.    Any Settlement Class Member who fails to timely file with the Court a written objection in accordance with the terms of the Settlement Agreement and as detailed in the Notice shall waive and forfeit any and all rights they may have to object, appear, present witness testimony, and/or submit evidence; shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing; shall be precluded from seeking review of the Settlement Agreement by appeal or other means; and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action.

**Exclusion from the Settlement Class**

22.    Members of the Settlement Class who choose to opt out must submit a written request for exclusion either via the Settlement Website or by U.S. mail to the Settlement Administrator, which must be submitted or postmarked no later than 90 days following the Notice Date.  The deadline shall be set forth in the Notice and on the Settlement Website.

23.    Any member of the Settlement Class who does not submit a request to opt out in accordance with the deadlines and other requirements will be bound by the Settlement absent a court order to the contrary.

24.    The Settlement Administrator shall also provide a final report to Class Counsel and Knix, no later than fourteen (14) days after the deadline for submitting written requests for exclusion, that summarizes the number of opt-out requests received to date, and other pertinent information. Class Counsel shall include the information, as appropriate, with their final approval papers.

**Termination of the Settlement**

25.     If the Settlement fails to become effective in accordance with its terms, or if the judgment is not entered or is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if either Party elects to terminate the Settlement), this Order shall be null and void, the Settlement Agreement shall be deemed terminated (except for any paragraphs that, pursuant to the terms of the Settlement Agreement, survive termination), and the Parties shall return to their positions without prejudice in any way, as provided for in the Settlement Agreement.

**The Use of this Order**

26.     As set forth in the Settlement Agreement, the fact and terms of this Order and the Settlement, all negotiations, discussions, drafts, and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the Settlement, shall not, in this or any other court, administrative agency, arbitration forum or other tribunal, constitute an admission, or evidence, or be deemed to create any inference against either Party, including, but not limited to: (i) of any acts of wrongdoing or lack of wrongdoing; (ii) of any liability on the part of Knix to the Class Representatives, the Settlement Class, or anyone else; (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Action; (iv) that Knix agrees that a litigation class is proper in this Action or any other proceeding; (v) of any damages or lack of damages suffered by the Class Representatives, the Settlement Class, or anyone else; or (vi) that any benefits obtained by Settlement Class Members pursuant to the Settlement Agreement or any other amount represents the amount that could or would have been recovered in this Action against Knix if it was not settled at this point in time.

27.    The fact and terms of this Order and the Settlement, and all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, including but not limited to, the release of the Released Claims provided for in the Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Order and/or the Settlement or as a defense to any released claim.

28.    The Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement.


Dated:  October 30, 2023
        New York, New York

                                        SO ORDERED.

                                        _____
                                        JENNIFER L. ROCHON
                                        United States District Judge